IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| United States of America | ) | CR/A No. 7:18-cr-00853-DCC-1 |
| | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| Marcus Terrell Spencer. | ) | |
| | ) | |
| _____ | ) | |

This matter comes before the Court on Defendant's Pro Se Motion for Compassionate Release/Reduction and counseled Memorandum in Support thereof, seeking reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF Nos. 95, 99. The Government filed a Response in Opposition. ECF No. 100. At the Court's instruction, Mr. Spencer filed additional supplemental information. ECF No. 102. For the reasons that follow, the Motion is denied.

## **BACKGROUND**

Mr. Spencer pled guilty on May 15, 2019, to distribution and possession with intent to distribute a quantity of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). ECF No. 54. On August 8, 2019, he was sentenced to 151 months of imprisonment and three years of supervised release. ECF No. 66.

Mr. Spencer filed his pro se Motion for Compassionate Release on February 16, 2021. ECF No. 95. The Court appointed counsel on the same day. ECF No. 96. Following briefing by the parties, the Motion is now before the Court.

1

## APPLICABLE LAW

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) permits modification of a term of imprisonment upon motion of the defendant after exhaustion of the defendant's administrative remedies.  If "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission,"[1] the court may reduce a defendant's term of imprisonment and may impose a term of probation or supervised release that does not exceed the unserved portion of the original term of imprisonment.  *Id*.  The statute further instructs the court to "consider[] the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable."  *Id*.; *United States v. Kibble*, 992 F.3d 326, 331 (4th Cir. 2021) ("a district court may not grant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)" without considering the § 3553(a) factors).  Therefore, in order to grant compassionate release pursuant to § 3582(c)(1)(A)(i), the district court must (1) find that "extraordinary and compelling reasons" warrant a reduction in the prisoner's sentence, and (2) consider the applicable § 3553(a) factors in light of the prisoner's extraordinary circumstances.[2]  *Kibble*, 992 F.3d at 330, 332.

---

[1] Although U.S.S.G. § 1B1.13(1)(A) is entitled "Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)," by its terms it addresses only those requests brought "[u]pon motion of the Director of the Bureau of Prisons."  It is therefore inapplicable to compassionate release motions filed by defendants pursuant to § 3582(c)(1)(A)(i). *United States v. Kibble*, 992 F.3d 326, 331 (4th Cir. 2021) (citing *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020)).  Because no applicable sentencing guideline exists, "§ 3582(c)(1)(A)'s consistency requirement does not constrain the discretion of district courts."  *Id*.

[2] Because the statute "does not specify what conclusion a district court must draw from the § 3553(a) factors in order to grant a motion for compassionate release," the Fourth Circuit has understood this language "as providing district courts with procedural

## **DISCUSSION**

*Exhaustion*

The First Step Act requires defendants to exhaust their administrative remedies before moving the Court for compassionate release.  See 18 U.S.C. § 3582(c)(1)(A).  To satisfy the exhaustion requirement, "incarcerated persons must first ask the [Bureau of Prisons ("BOP")] to file a motion for compassionate release on their behalf, and then, either (1) appeal the BOP's failure to bring a motion on their behalf, or (2) allow 30 days to lapse after making the request[.]"  *Kibble*, 992 F.3d at 330 n.2.

Mr. Spencer requested compassionate release from the BOP on December 28, 2020, and the Warden denied his request on January 4, 2021.  ECF No. 99-3.  The Court therefore finds that Mr. Spencer properly exhausted his administrative remedies and continues to the merits of his Motion.

*Extraordinary and Compelling Reasons*

Mr. Spencer argues that extraordinary and compelling reasons warrant his early release because (1) he previously contracted COVID-19 and is experiencing lingering symptoms, and (2) he is at increased risk from COVID-19 due to his status as an African American male.

Courts in this district and elsewhere have found, particularly at the height of the pandemic, that the COVID-19 pandemic may constitute an extraordinary and compelling reason to reduce a defendant's sentence in conjunction with specific risk factors such as age or medical condition. *See, e.g.*, *United States v. Griggs*, 462 F. Supp. 3d 610, 620

---

guardrails for exercising their discretion, not creating a substantive prerequisite to compassionate release."  *Kibble*, 992 F.3d at 331 n.3.

3

(D.S.C. 2020); *United States v. Bing*, CR/A No. 1:15-cr-0637-JMC-1, 2020 WL4043610, at *6 (D.S.C. July 17, 2020). However, Mr. Spencer is 36 years old and there is no record medical evidence that he suffers from relevant underlying health conditions that would place him at increased risk from COVID-19.[3] *See* ECF No. 100-2. For the reasons outlined below, the Court finds no compelling and extraordinary reason to warrant Mr. Spencer's early release.

First, the Court takes notice of waning COVID-19 case numbers and revised CDC guidelines, as well as the loosening of restrictions by public bodies across the country. *See COVID Data Tracker Weekly Review*, https://www.cdc.gov/coronavirus/2019-ncov/covid-data/covidview/index.html (last updated May 28, 2021). In the absence of evidence suggesting a particular risk of infection at the facility where a defendant is housed, the overall reduction in cases may indicate that the COVID-19 pandemic no longer constitutes an exceptional and compelling reason for compassionate release even in conjunction with underlying medical conditions.

Second, the fact that Mr. Spencer has already contracted (and recovered from) COVID-19 is not a sufficient justification for his early release. In fact, there is evidence to indicate that persons who have previously contracted COVID-19 are at significantly

---

[3] Mr. Spencer's pro se Motion appears to allege that he suffers from asthma. ECF No. 2. The Centers for Disease Control and Prevention ("CDC") have identified moderate to severe asthma as a condition that "can make you more likely to get severely ill from COVID-19." *See COVID-19, People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated May 13, 2021). However, Mr. Spencer's alleged asthma is not reflected in any of the medical records that have been provided to the Court. Moreover, even assuming that Mr. Spencer does suffer from moderate to severe asthma, the undersigned would reach the same determination based on the currently low rates of infection as well as his vaccinated status, as explained below.

decreased risk of repeat infection. *See SARS-CoV-2 Antibodies Protect from Reinfection*, National Institutes of Health, https://www.nih.gov/news-events/nih-research-matters/sars-cov-2-antibodies-protect-reinfection (Mar. 2, 2021) ("People with SARS-CoV-2 antibodies, a sign of prior infection, were much less likely to test positive for COVID-19 in the following months."). BOP Health Services records indicate that Mr. Spencer "remain[ed] asymptomatic" throughout his quarantine period and was therefore released from isolation and returned in general population on November 9, 2020. ECF Nos. 99-5, 100-1. Although Mr. Spencer complains of lingering effects following his recovery from COVID-19, specifically chest discomfort, fatigue, and shortness of breath, the record reflects that he is receiving timely and appropriate care including "up to date labs and baseline studies." ECF No. 102-2 at 3. Nothing suggests that Mr. Spencer's lingering side effects place him at greater risk of severe illness from COVID-19 in the future.

Third, Mr. Spencer has received both doses of the Pfizer-BioNTech vaccine against COVID-19. *See* ECF No. 102-3. The efficacy of this vaccine against confirmed COVID-19 in individuals of Mr. Spencer's age group (16 to 55 years) has been estimated at 95.6%. *See Pfizer-BioNTech COVID-19 Vaccine Emergency Use Authorization Review Memorandum*, Food and Drug Administration, available at https://www.fda.gov/emergency-preparedness-and-response/coronavirus-disease-2019-covid-19/pfizer-biontech-covid-19-vaccine (Dec. 11, 2020). In light of Mr. Spencer's fully vaccinated status and prior exposure, the Court does not find that the COVID-19 pandemic constitutes an extraordinary and compelling reason for his early release. *See, e.g., United States v. Burks*, 2021 WL 1394857, at * 3–4 (W.D.N.C. Apr. 13, 2021) (finding

no extraordinary and compelling reason for early release based on COVID-19 risk factors because the defendant had received both doses of an effective vaccine).

Fourth, the Court notes that United States Penitentiary, Lee, the facility at which Mr. Spencer is housed, currently reports zero COVID-19 infections among its 1,274 inmates and zero cases among its staff. *See COVID-19 Cases*, BOP, https://www.bop.gov/coronavirus (last accessed June 7, 2021). This level of infection does not reflect a significant risk to Mr. Spencer, particularly since he has received both doses of a highly effective vaccine.

Finally, the Court is unconvinced by Mr. Spencer's argument that his status as an African American male places him at higher risk from COVID-19 and therefore justifies compassionate release. Although these factors may place him at slightly higher statistical risk from COVID-19, they quite simply do not constitute "extraordinary and compelling" circumstances within the meaning of the statute. Indeed, in light of his fully vaccinated status and prior exposure, Mr. Spencer's present risk appears very low.

After careful consideration of Mr. Spencer's medical record, therefore, the Court finds that the overall circumstances do not constitute an extraordinary and compelling reason warranting his early release.

## CONCLUSION

For the reasons set forth above, Defendant's Motion for Compassionate Release/Reduction [95] is **DENIED WITHOUT PREJUDICE**. Mr. Spencer is free to file a renewed motion in the event of a material change in circumstances warranting a reduction of his sentence.

IT IS SO ORDERED.

7

                                          s/ Donald C. Coggins, Jr.
                                          United States District Judge

June 7, 2021
Spartanburg, South Carolina